PER CURIAM.
Too many resources have already been wasted on the excessively complicated and protracted litigation out of which this appeal of an award of attorneys’ fees and costs arises. We will not compound the felony by wasting the considerable space necessary to provide a meaningful description of the proceedings below. We have previously affirmed, per curiam, the final judgment and fees award in favor of appel-lee against the corporation. Now, we consider the award of fees and costs against the intervenors in favor of the corporation and the director defendants. We reverse.
The fee awards were based upon section 57.105, Florida Statutes, (complete absence of any justiciable issue of law or fact) and Section 607.147, Florida Statutes (derivative action brought “without reasonable cause”). Based on our review of the record,[1] we cannot agree that either of these statutory thresholds for an award of fees exists in the present case.
REVERSED.
GOSHORN, C.J., and COBB, J., concur.
GRIFFIN, J., concurs and concurs specially with opinion.

. In granting the motion for directed verdict in the derivative action, the trial court stated:
Then there’s the second action, the Inter-venors versus the Board of Directors. The issue in this case is bad faith of the Board of Directors concerning its defense or prosecution of two issues: In the main case, defense of the Bielecki/Murphy action and the Board’s involvement and the satellite issues of the State and local agency contacts, the indemnification issue, and the method of obtaining proxies in this case or in the past.
Although the cases, again, are under one case number, the issues are very separate and distinct. I must say, listening to the testimony it was difficult to determine what was reasonable or not concerning the action of the Defendant/Board of Directors and the Inter-venors’ action.

******

However, based upon all the evidence and the arguments of counsel, the Court finds, concerning the Motion to Dismiss, that it cannot substitute its judgment for the business judgment of the Board of Directors.
Though it can be argued that their actions were not necessarily the keenest, their conduct does not rise to the level sufficient enough for this Court to find bad faith based on the evidence and the mentality of all those who have purchased lots on Pine Island.